Henry Epstein, J.
The petitioner herein (The G-arrett Corporation) seeks an order staying arbitration proceedings commenced by respondent, Frank lx & Sons.
Petitioner sought a Navy contract for the manufacture of life rafts. The contract, if received, was to be executed through the Air Cruiser Division of petitioner. The respondent is engaged in the business of manufacturing textile piece goods and selling some in the greige or raw state. The petitioner claims that the negotiations with respondent were looking forward to the Navy contract and that there would be no contract between Q-arrett and lx unless the Navy contract materialized. A third party, Beeves Brothers, Inc., had a subdivision known as Vulcan Bubber Products Division and was engaged in the business of rubberizing fabrics. Between July, 1957 and October, 1957 Vulcan received 100,000 yards of piece goods from respondent for the account of Air Cruisers. Prior to receiving such fabrics, Vulcan had been advised by petitioner that it (petitioner) was ordering fabrics from lx and would issue instructions for the goods to be shipped to Vulcan for coating. As each shipment arrived Vulcan notified Air Cruisers of the style and amount received. On August 19, 1957 Air Cruisers asked Vulcan to coat approximately 230 yards of fabric previously received. Vulcan did this, billed Air Cruisers and was paid.
The respondent sent four contracts to petitioner containing the quantity, quality, price, etc., of the goods to be delivered. The contracts were returned unsigned, with a written memorandum by petitioner’s representative relating to a prior agreement on a price other than that listed on the contracts. The difference was resolved, so it is alleged, and the-contracts sent back to petitioner. These contracts have remained in., the possession of Air Cruisers ever since. It is conceded that Air Cruisers never signed the contract.
On the reverse side of each of the four contracts there was contained a provision requiring all disputes to be referred to arbitration.
Have the facts above related sufficiently spelled out a contract of sale whereby the parties are relegated to arbitration to settle the differences that have arisen between them?
A contract to arbitrate must be in writing (Civ. Prac. Act, § 1449), although it is not necessary that it be signed (Matter of Helen Whiting, Inc., 307 N. Y. 360).
The receipt and retention of a contract form containing* all the terms of the proposed agreement, including an agreement to arbitrate, without anything more would not be sufficient to force the parties to arbitrate. However, if after receiving the *1035 contract and not objecting to its terms, further deliveries were received pursuant to the contract, a contract might well have arisen and the agreement to arbitrate would be binding.
The affidavit of Vulcan would tend to corroborate petitioner’s claim that the tests were conducted on fabric purchased from lx by petitioner prior to the dates of the latter 26 deliveries.
All of the facts as outlined in the affidavits submitted leave in doubt the one important question — whether the parties actually did contract or not. (Matter of Albrecht Chem. Co. [Anderson Trading Corp.], 298 N. Y. 437; Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 N. Y. 288, 289.) That situation being so, the decision on this motion must be held in abeyance until the vital question whether the parties entered into a contract to arbitrate is determined by trial. The facts herein differ materially from those in Matter of Helen Whiting, Inc. (307 N. Y. 360, supra).
Settle order accordingly.