■  In the Matter of SWEET ADELINE, INC., Appellant, v. MAG-KNIT FABRICS CORP., Respondent.— Order entered October 4, 1968, denying petitioner-appellant's motion to stay arbitration, reversed on the law, without costs, and the petition granted to the extent of directing the trial of the question whether a valid agreement to arbitrate was made. Respondent sold piece goods to petitioner. Respondent's invoice dated July 31, 1967 for $18,364.60 is the subject of its demand for arbitration dated August 16, 1968. There is no written order or confirmation with respect to said transaction. However, the invoice states in substance that all disputes arising out of the sale are subject to arbitration. Respondent alleges that anterior to said transaction more than 25 similar invoices had been sent to petitioner relative to other but unrelated transactions. The times and circumstances of these transactions are not set forth. The invoice of July 31, 1967 following the execution of the sale therein reflected may not satisfy CPLR 7501, which requires "A written agreement to submit any controversy thereafter arising". There is not involved here a prior written contract with provision for arbitration delivered to and retained by the buyer followed by partial delivery. (Cf. *Matter of Helen Whiting, Inc.* [*Trojan Textile Corp.*], 307 N. Y. 362.) "The whole question is thus one of the effect of [petitioner's] silence in the face of such separate offers for arbitration, each of which looked back to a single sale and delivery theretofore made." (*Matter of Tannenbaum Textile Co.* v. *Schlanger,* 287 N. Y. 400, 404.) Where there is a question as to the making of the agreement to arbitrate, it must be resolved prior to the disposition of the application to stay the arbitration. (*Matter of Garrett Corp.* [*Ix & Sons N. Y. Corp.*],

15 Misc 2d 1033, 16 Misc 2d 152, affd. 9 A D 2d 741, affd. 8 N Y 2d 819.) Concur — Capozzoli, J. P., McGivern, McNally and Steuer, JJ.